**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50555 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03414-BTM-1 |
| v. | |
| MARCO CONTRERAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted December 9, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Marco Contreras entered a conditional guilty plea to the charge of being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326. He

reserved the right to challenge on appeal the constitutional validity of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

underlying order of removal that caused his deportation. The district court correctly determined that the order of removal was indeed constitutionally defective because the IJ failed to determine whether or not Contreras's waiver of a removal hearing was voluntary, knowing, and intelligent. However, the district court denied Contreras's motion to dismiss because Contreras could not establish prejudice as required by United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004) (a defendant attacking an underlying removal order must show "prejudice as a result of the defects") (internal quotation marks omitted). The district court so concluded because (1) Contreras had provided no evidence of "extreme hardship" that would have warranted a § 212(h) waiver of inadmissibility, and (2) his conviction in Nevada of robbery with a deadly weapon rendered him ineligible for voluntary departure.

Contreras's argument here is that the violation of his due process rights was "so egregious that prejudice should be presumed." In the alternative, he claims that if required to show prejudice, he can.

Contreras's first argument, that prejudice must be presumed, is foreclosed by Ubaldo-Figueroa. See also United States v. Proa-Tovar, 975 F.2d 592, 594-95 (9th Cir. 1992) (en banc) (a deprivation of the right to judicial review of a deportation order is of no consequence without a showing of prejudice); United States v.

2

Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir. 1986) (prejudice from a constitutional failure is required to render a deportation unlawful).

Contreras claims that he has indeed made a "prima facie showing of prejudice" just from the cold facts that he (1) is married to a U.S. citizen, (2) has minor children living here, (3) has close family ties here and none in Mexico, (4) has a step-father U.S. citizen, (5) has a mother who is a lawful permanent resident, and (6) has been living here since he was a young child. Contreras is correct when he says that a plausible ground for waiver might exist where deportation would cause "great actual or prospective injury" or "extreme impact" on the citizen family member, beyond the "common results of deportation." Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir. 1994) (internal quotation marks omitted). But, as the district court observed, he has not adequately made such a showing here. He did not offer any declarations or affidavits from family or give any substance to his claim. See United States v. Arrieta, 224 F.3d 1076, 1082 (9th Cir. 2000). As the district court appropriately said,

> Here, Defendant did not submit any evidence to show how his deportation will disrupt family unity. Although he is married to a U.S. citizen and has two U.S. citizen children, he has been incarcerated for much of the past two years (during which time he became married), raising questions about the nature and extent of his relationships with his wife and children. . . . Defendant

3

provides no evidence of any hardship his family faced during his absence, and offers no reasons why his family cannot relocate together to Mexico.

(Emphasis added).

Our conclusion that Contreras is unable to demonstrate prejudice arising from a defect in his removal order disposes of his assertion that he is eligible for an adjustment of status under 8 U.S.C. § 1255(a). He is not.

AFFIRMED.