**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50334 |
| Plaintiff-Appellee, | 3:13-cr-04277-LAB-1 |
| v. | MEMORANDUM[*] |
| JOSE RAMOS MARTINEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 4, 2015
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Defendant-Appellant Jose Ramos Martinez appeals pursuant to 8 U.S.C.

§ 1326(d) the district court's March 3, 2014 denial of his motion to dismiss the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

indictment. We reverse and remand so the district court may properly assess the plausibility that Ramos would have been granted voluntary departure in his underlying 2009 deportation proceeding.

The district court erred by applying the wrong standard to determine if Ramos was prejudiced by a due process violation. Under § 1326(d)(3), a defendant must demonstrate prejudice resulting from a due process violation in order to show that the underlying immigration hearing was fundamentally unfair. *United States v. Valdez-Novoa*, 780 F.3d 906, 913 (9th Cir. 2014) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)). Prejudice is determined by asking if it is *plausible* that the immigration judge ("IJ"), had he properly considered the defendant's negative and positive equities, would have granted voluntary departure. *Valdez-Novoa*, 780 F.3d at 914, 917 (citations omitted).

This plausibility standard is distinct from the "extreme hardship" standard applied when aliens attempt to obtain waivers of inadmissibility to avoid deportation pursuant to the Immigration and Nationality Act § 212(h)(1)(B), codified at 8 U.S.C. § 1182(h)(1)(B). *See Shooshtary v. INS*, 39 F.3d 1049, 1050 (9th Cir. 1994); *United States v. Contreras*, 406 Fed. App'x 160 (9th Cir. 2010) (unpublished). In this case, the district court correctly identified the plausibility

standard. However, it erred when it assessed plausibility against the "extreme hardship" standard under INA § 212(h)(1)(B). On remand, the district court should apply *Valdez-Novoa* to determine whether it is plausible that the IJ would have granted voluntary departure on the basis of Ramos's positive and negative equities and that as a result Ramos suffered prejudice. 780 F.3d at 916-17.

**REVERSED AND REMANDED.**